UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PIPEFITTERS LOCAL 636 DEFINED
BENEFIT PENSION FUND, et al.,

                        Plaintiffs,      CIVIL CASE NO. 05-40134

v.

MATHISEN COMPANY, and WILLIAM E.      HONORABLE PAUL V. GADOLA
MATHISEN,                                    U.S. DISTRICT COURT

                        Defendants.
_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Before the Court is Plaintiffs' motion for summary judgment, filed on September 19, 2005. Following the filing of the response and the reply, a motion hearing was held on January 6, 2006. Plaintiffs are multi-employer trust funds that provide health, pension, and other benefits to employees of the multi-employer group. Plaintiffs are governed by § 302 of the Labor Management Relations Act, 29 U.S.C. § 186 ("LMRA") and the Employee Retirement Income Security Act, 29 U.S.C. § 1001 ("ERISA"). Defendant Mathisen Company is a Michigan plumbing and heating corporation. Defendant William E. Mathisen is the sole shareholder and sole officer of Mathisen Company. There is no dispute that Mathisen Company is bound to the terms of collective bargaining agreements with two local unions, Plumbers Local No. 98 and Pipefitters Local No. 636. Pursuant to the collective bargaining agreements, Defendants and other participating employers are required to make fringe benefit contributions to Plaintiffs. On February 22, 2005, Plaintiffs filed suit against Defendants, alleging that Defendants had failed to make certain required fringe benefits

contributions.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606, 608 (6th Cir. 1992); *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984); *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993); *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995); *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990) (Gadola, J.), *aff'd*, 929 F.2d 701 (6th Cir. 1991).

Both parties acknowledge that Mathisen Company is bound to the collective bargaining agreements and thus required to make payments to Plaintiffs for fringe benefit contributions. As the sole officer and sole shareholder of Mathisen Company, William Mathisen is responsible for ensuring that the fringe benefit contributions are paid on behalf of Mathisen Company. Defendants concede that certain required fringe benefit contributions were not paid to Plaintifs. Therefore, there is no genuine issue of material fact and as a matter of law, Plaintiffs are entitled to recover from Defendants.

The question of the amount of damages to which Plaintiffs are entitled is governed by the following ERISA provision:

>   (2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 [29 U.S.C. § 1145] in which a judgment in favor of the plan is awarded, the court shall award the plan--
>   >   (A) the unpaid contributions,
>   >   (B) interest on the unpaid contributions,
>   >   (C) an amount equal to the greater of--
>   >   >   (i) interest on the unpaid contributions, or
>   >   >   (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>   >   (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>   >   (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g).

In their summary judgment motion, Plaintiffs at first claimed entitlement to $210,279.38. In their October 25, 2005 reply to the response to the motion for summary judgment, Plaintiffs stated that Defendants had made partial payments to the unpaid fringe benefit contributions, and Plaintiffs subsequently sought to modify the final amount to $166,707.19 in unpaid fringe benefit contributions and liquidated damages, plus interest, and $4,039.50 in attorney's fees. At the January 6, 2006 hearing, Plaintffs claimed that the amount specified in their reply was still correct, while Defendants contested the accuracy of the final amount owed to Plaintiffs.  The Court notified the parties at the hearing that if the parties are unable to resolve this question as to the final amount owed within 30 days of the Court's order, then the parties should return to the Court for a hearing on the issue of damages.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiffs' motion for summary judgment [docket entry 11] is **GRANTED**.

**IT IS FURTHER ORDERED** that if the parties have not resolved the question of the final amount owed to Plaintiffs within thirty (30) days from the issuance of this order, then the parties may move the Court for a hearing on the issue of damages.

**SO ORDERED.**

Dated:   January 10, 2006             s/Paul V. Gadola
                                              HONORABLE PAUL V. GADOLA
                                              UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   January 10, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
      Alexandra C. Akas; Michael J. Asher; Michael W. Bartnik; David J. Selwocki   , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                                           .

                                              s/Ruth A. Brissaud
                                              Ruth A. Brissaud, Case Manager
                                              (810) 341-7845